Kelly, J.
(concurring in result). I concur in the result only.
I agree that the Court of Appeals erred in ruling that defendant forfeited his right to a polygraph examination by requesting an examination after the close of proofs. MCL 776.21(5) extends to defendants accused of certain crimes the right to obtain a polygraph examination. That right is extinguished if a defendant is found guilty before exercising it. It is not extinguished, as the Court of Appeals found, at the moment jeopardy attaches.
I also agree with the majority that the error did not adversely affect the outcome of defendant’s trial. Defendant would not have been able to introduce the results of a polygraph examination. Moreover, he has not argued that the denial of this statutory right prejudiced his defense.
However, I do not agree that the denial of his right was necessarily harmless. Defendant might have used *400 a favorable polygraph examination result at a post-conviction stage. For example, he might have used it in a motion for new trial, to urge a more lenient sentence or for a lower level placement by the Department of Corrections.
Not only has defendant not asserted these claims, he has not requested a polygraph examination in his application for leave to appeal. Accordingly, he has neglected to seek the relief to which he might be entitled. Therefore, I would vacate the portion of the Court of Appeals opinion that addresses defendant’s claim under MCL 776.21, but deny defendant’s request for a directed verdict or a new trial.
Cavanagh, J., concurred with Kelly, J.